## POWERS v. RUELBACH.

Common Pleas Court, Cuyahoga County.

No. 637181.   Decided September 30, 1952.

Bulkley, Butler & Rini, Cleveland, for appellant.
Arter, Hadden, Wykoff & Van Duzer, Cleveland, for defendant.

### OPINION

By LYBARGER, J.

In an action to recover for an alleged personal injury the plaintiff has attached to her petition interrogatories directed to the defendant under favor of §11348 GC.   In general they bear upon conditions or happenings at the time of the alleged accident.   The defendant has answered certain of the inter-

rogatories but has filed a demurrer to 18 of the questions asked. He has done so on the ground that (a) the information sought is as readily available to the plaintiff as to the defendant; (b) that some questions asked concern facts which are answered in plaintiff's petition; and (c) that other questions call for measurements which were not taken by the defendant at the time of the accident and about which, therefore he could not give accurate testimony.

Sec. 11348 GC reads: "A party may annex to his pleading, other than a demurrer, interrogatories, pertinent to the issue made in the pleadings, which interrogatories, if not demurred to, shall be plainly and fully answered under oath, by the party to whom they are propounded, or if such party is a corporation, by the president, secretary, or other officer thereof, as the party propounding requires."

The language of the statute is clear and concise. The gist of it is that a party may annex to his pleading interrogatories **"pertinent to the issue made in the pleadings."** It does not limit the interrogatories in any other manner but makes it clear that they must be pertinent to the issue.

The court has reviewed a number of decisions which have dealt in one way or another with the problem of what may properly be asked in interrogatories. In Russell, Administrator, v. Railway Co., 6 N. P. N. S., Page 353, the syllabus indicates that "The right to annex interrogatories * * * does not extend to the attaching of questions to an answer in an action by an administrator for the wrongful death of his intestate; nor where the information sought is necessarily not within the personal knowledge of the party addressed; nor when not pertinent to the pleading to which the questions are attached; nor when a responsive answer would be mere opinion, and not fact. Where interrogatories fall within any of these categories, a motion to strike them off should be sustained."

This case was decided by the Common Pleas Court of Ashtabula County forty-five years ago. Apparently, however, the question here at issue has never been directly passed upon by the Supreme Court of Ohio.

In the case of **Chapman v. Lee, 45 Oh St 356**, decided in 1887, there is dicta to this effect:

"The doctrine and rules concerning the subject matter of discovery, established by courts of equity, are believed to be still in force and to control the same matters in the new procedure (providing for interrogatories attached to pleadings, and depositions) * * *" With this as a starting point the court in the Russell case then proceeds to engraft the rules formerly applicable to bills of discovery upon the asking of interrogatories under the new statute (Now Sec. 11348).

This court is of the opinion that the decision in the Russell case went far beyond the obvious intent of the statute and applied to interrogatories tests neither contemplated nor authorized by the plain, simple language of the law itself. This court sees no reason why at this late date a resort should be had to chancery rules which applied to bills of discovery—an action in equity abolished in Ohio when code. pleading was adopted in 1853.

On the other hand, in the case of Graham v. Ohio Telephone & Telegraph Co., 2 N. P. N. S. 612, the court made it clear that (Syllabus 1) "The test as to the right of a plaintiff to have answered the interrogatories attached to his petition is the pertinency of a given interrogatory to the issue in hand, and the fact that the information sought may be detrimental to the defendant by exposing his case or otherwise, is not a sufficient reason for sustaining a demurrer to such interrogatory."

It is not necessary to interpret or define the word "pertinent" as used in the law other than to observe that it requires that questions asked in interrogatories attached to pleadings must be relevant to the issue made in the pleadings—must be "related to the subject or matter in hand." Obviously the questions asked must be proper under the rules of evidence.

In the case of **Sloan v. Kresge Company, 43 O. O. 407,** the court held that "A party may propound any interrogatory which seeks from his opponent information which is relevant to the issues of the action and which information is not privileged." This court has read with approval the reasoning of Judge Thomas in the case cited and feels that the observations made in the opinion apply to the instant case.

The court has carefully reviewed each interrogatory to which the defendant has demurred in the instant case and has asked concerning it these questions: Is the interrogatory pertinent to the issue made in the petition? If the question were asked upon the trial of the case would it be relevant? Is the question objectionable for any other reason? Applying these tests to each of the interrogatories to which objection is made, the court finds that all except one are pertinent to the issue made and not subject to other objections. The court therefore overrules the demurrer as to all questions except interrogatory No. 34 which the defendant is not required to answer.

Defendant excepts.