**OLENIK, Plaintiff, v. CALO, a Minor, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 700705. Decided December 2, 1958.

Austin T. Klein, Cleveland, for plaintiff.
Jamison, Ulrich, Hope, Johnson & Burt, Cleveland, for defendant.

## OPINION

By LYBARGER, J.

On September 5, 1957, Robert P. Olenik, the plaintiff in this case, filed his petition seeking damages for an alleged tort by Salvatore Calo, a minor aged nineteen. Thereafter the Court appointed Leslie R. Ulrich as said minor's guardian ad litem. On June 10, 1958, the plaintiff filed some seventeen interrogatories to be answered by the minor defendant. To these interrogatories the defendant by his guardian ad litem,

demurs. The demurrer is directed first to all the interrogatories because the defendant is a minor and second, to interrogatories Nos. 2, 4, 5, 7, 10, 12 and 17 for the reason that they are vague and· indefinite, ask for the names of witnesses, or because they do not relate to any issue made up in the pleadings.

Since the interrogatories are filed separate and apart from the pleadings and since the plaintiff says he is filing them "in accordance with and pursuant to the statutes of Ohio," the Court assumes that they are filed pursuant to §2317.07 R. C., and are not pursuant to §2309.43 R. C., which requires that interrogatories be annexed to a pleading.

On December 19, 1952, this Court in a case where the facts and issues were very much the same sustained a demurrer such as that here sought and went on to hold, "a minor is not required or permitted to answer interrogatories since, as a defendant, he can only plead by and through his guardian ad litem." (See Bonadonna v. Bainbridge, C. P. No. 639,762.)

Earlier in 1952 this Court had made a comprehensive study of the statute pertaining to interrogatories and made certain findings which, as will be demonstrated later, are pertinent to the holdings of the Court in this case. These findings were incorporated in an opinion as found in the case of **Powers v. Ruelbach, 66 Abs 30, 49 O. O. 54** and are:

"1. Interrogatories attached to the pleadings of a party to an action by virtue of the provisions of §11348 GC (now §2309.43 R. C.), must be pertinent to the issues raised by such pleadings.

"2. The fact that information sought in interrogatories may be detrimental to the defendant by exposing his case or otherwise is not a sufficient reason for sustaining a demurrer to such interrogatories.

"3. 'Pertinent' as used in §11348 GC (now §2309.43 R. C.), means that questions asked in interrogatories must be relevant to the issues made in the pleadings.

"4. In determining the propriety of interrogatories the court determines whether the questions are pertinent to the issues raised by the pleadings whether such questions would be relevant if asked during the trial of the case and whether or not such questions are objectionable for any other reason."

In 1953 the Legislature amended §2317.07 R. C., to include written interrogatories filed in the action. It should be noted that because of this amendment there are now two statutes dealing with written interrogatories filed before trial. They are §§2309.43 and 2317.07 R. C. There are two immediate apparent differences between the requirements in §2309.43 R. C., and those in §2317.07 R. C. First, in §2309.43 R. C., the interrogatories must be filed annexed to a pleading while under §2317.07 R. C., they may be filed separate and apart. Second, under §2309.43 R. C., the only guide given the court to decide whether they are subject to demurrer is that they must be "pertinent to the issues made in the pleadings." (For an understanding of what "pertinent" means see the syllabus in Powers v. Ruelbach quoted above). While §2317.07 R. C., says that interrogatories also must be "pertinent to previous pleadings of such party," the statute also says that they examine

the adverse party "as if under cross-examination" and apparently under the same evidentiary rules as pertain during the taking of a deposition.

It is readily apparent that although §2317.07 **R. C.,** compliments §2309.43 **R. C.,** it does not supplement it. Rather, the Legislature intended it to be used to elicit information from the adverse party without the expense, inconvenience and time ordinarily required in the taking of a deposition. It is obvious that the language "pertain to the previous pleadings" as found in §2317.07 **R. C.,** was inserted not to restrict the use of interrogatories as a substitute for the taking of a deposition, but to limit their use to the issues made by the pleadings. Without some restrictive language the interrogatories might deal with irrelevant matters not involved in the litigation and about which the interrogator should have no right to inquire.

An attorney in preparing his case is always interested in inquiring into the facts and circumstances surrounding the case. The law by means of discovery proceedings assists him in this endeavor, but of necessity it also restricts him so that the rights given will not be abused. One of the necessary restrictions in discovery proceedings is that the capacity to be a witness and to testify must exist before the person can give evidence through discovery proceedings (see **In re Renee, 159 Oh St 37** at **page 41.** In the instant case the claim made by the guardian ad litem is that he alone can file pleadings and that because the defendant is a minor he has no capacity to answer the interrogatories.

This Court believes that the decision in the Bonadonna Case, supra, was not correct in view of §2309.02 **R. C.,** which states:

"The only pleadings in civil actions are:

(A) Petition;

(B) Demurrer to petition;

(C) Answer, which if it demands affirmative relief may be styled a cross petition;

(D) Demurrer to answer;

(E) Reply;

(F) Demurrer to reply."

Further, it is clear from the statutes and from §2309.45 **R. C.,** in particular, that "on the trial, such answers, so far as they contain competent testimony on the issues made, may be used by either party." Thus answers to interrogatories are not pleadings, but in the same general class with depositions, and if proper may be used as testimony to prove or disprove a case on trial.

Does the fact that the defendant is a minor disqualify him from answering proper interrogatories? In the case of In Re Renee, supra, the Court held that "if one is disqualified to testify—disqualified to be a witness—it would logically follow that he is not one whose deposition can be taken." This same reasoning must apply to the answering of interrogatories. The deposition of a minor over ten may be taken unless he is disqualified from testifying for other reasons, and a minor under ten years of age may testify on deposition if he is first found capable of testifying in compliance with the requirements of §2317.01 **R. C.,** by "any judge who is a member of the particular court in which

266

the cause is pending and wherein it will be tried," **State v. Wilson, 156 Oh St 525**, 103 N. E. 2d 552, 46 **O. O. 437**, 30 A. L. R. 2d 763.

In applying the law above to the question here at hand it is apparent that a minor defendant may be compelled to testify before the trial by way of deposition. There is no reason why a minor should not also be able so to testify by way of interrogatory. If a question as to competency were to arise then a judge who is a member of the particular court in which the cause is pending and wherein it will be tried would first have to determine whether the minor, or for that matter any other witness whose competency was questioned, is competent to testify.

Since the minor in this case is nineteen years old and is competent to testify by way of deposition the court overrules the general demurrer to the interrogatories and finds that this minor must answer proper interrogatories.

The specific demurrer to interrogatories Nos. 2, 5, 10 and 17 is sustained and overruled as to interrogatories Nos. 4, 7 and 12.