McCOY, Plaintiff, v. BUCKEYE STEAMSHIP COMPANY, Defendant.
THOMPSON, Plaintiff, v. JUPITER STEAMSHIP COMPANY, Defendant.
HERLIHY, Plaintiff, v. GREAT LAKES STEAMSHIP COMPANY, Defendant.

Common Pleas Court, Cuyahoga County.

Nos. 714272, 685482, 714585. Decided April 28, 1959.

156

S. Eldridge Sampliner, Cleveland, for plaintiffs.
McCreary, Hinslea & Ray, Cleveland, for defendants.

## OPINION

By JOHN V. CORRIGAN, J.

The questions raised in these three cases are generally the same.

The attorney for the plaintiff has filed a petition and annexed thereto has set forth certain interrogatories to be answered by the defendant. At a later date the plaintiff has set forth additional interrogatories not annexed to any pleading which he requests be answered by the defendant. The defendant has demurred to the second series of interrogatories on the basis that two sets are not permitted by statute and that filing two sets constitutes harassment.

Ohio now has two statutes dealing with interrogatories. Sec. 2309.43 R. C., permits the annexing of interrogatories to a pleading. Sec. 2317.07 R. C., permits the filing of interrogatories separate and apart from a pleading. Sec. 2317.07 R. C., further states that "* * * No party may, without leave of court, file more than one set of interrogatories to be answered by the same witness." There is no longer any doubt that §2309.43 and §2317.07 R. C., are to be construed in a different manner. In the case of Olenik v. Calo, 7 O. O. 2d 321, one of the judges of this Court has stated that the differentiation is that under §2309.43 R. C.. the guide given the court to decide whether the interrogatories are subject to a demurrer is that they must be "pertinent to the issues made in the pleadings." (For an understanding of what "pertinent" means see the Syllabus in Powers v. Ruebach, 66 Abs 30, 49 O. O. 54), but that the test under §2317.07 R. C., is whether or not the questions could be asked "as if under cross-examination." In the latter section "pertinent to previous pleadings" was inserted not to restrict the use of interrogatories as a substitute for the taking of a deposition, but to limit their use to issues made by the pleadings. The Legislature felt that without

restrictive language the interrogatories might deal with irrelevant matters not involved in the litigation and in which the interrogator should have no right to inquire about.

Thus we see that §2317.07 R. C., was introduced to offer the adverse party a means of eliciting information without the expense, inconvenience and time ordinarily required in the taking of a deposition. It was not introduced to supplement §2309.43 R. C.

Having determined that the tests to be applied against demurrer are different under the two sections of the Code cited above, it becomes obvious that a party should have the privilege and right of not only electing under which statute he will file his interrogatories but also of being able to use both means and that the portion of §2317.07 R. C., which states that the party may file only one set of interrogatories is construed to mean that he may file only one set of interrogatories, directed to the same witness, under §2317.07 R. C., and is not construed to mean that he may not file another set of interrogatories under §2309.43 R. C.

In the instant cases the second set of interrogatories does not seem to be filed under the same theories in each individual case, in McCoy v. Buckeye Steamship Company, 714272, they are filed separate and apart and the plaintiff does not indicate under which section they are filed. Since he has filed a first set annexed to his petition, that set must be construed as being filed under §2309.43 R. C. Therefore, to have filed the second set properly he must have filed them under §2317.07 R. C., and for the reason stated above the court holds that they are filed properly and overrules the demurrer to the interrogatories.

In the case of Thompson v. Jupiter Steamship Company, 685482, the plaintiff clearly states on the interrogatories annexed to the petition that they are filed in accordance with §2309.43 R. C. He further states on the interrogatories filed separate and apart that they are also filed pursuant to §2309.43 R. C. The law is clear that interrogatories filed in accordance with §2309.43 R. C., must be annexed to a petition or filed at the same time, see Tipton v. Diffendal, 2 O. O. 2d 195. The demurrer to these interrogatories, therefore, should be sustained as they were filed two years after the filing of the petition.

In Herlihy v. Great Lakes Steamship Company, 714585, there is no statement as to what authority the interrogatories annexed to the petition are filed. It, therefore, must be assumed that they were filed pursuant to §2309.43 R. C. The interrogatories filed separate and apart state that they are filed pursuant to §2309.43 R. C., and for the reasons stated in the Thompson v. Jupiter Steamship Company case above, the demurrer to these interrogatories should be sustained.

Permitting amendments or changes to interrogatories already filed would be permitting more than one set to be filed. So in the past the Court has refused so to do, but in these cases, in the interest of simplicity, the Court will, upon request of counsel, permit the plaintiff to amend by an interlineation the Section under which the interrogatories filed separate and apart were said to be filed. The defendant then may answer or demur to each of the said interrogatories.