## JOHN WILSON *vs.* JOHN P. WEBBER.

The right of either party, in an action at law, to file interrogatories to the adverse party, under *St.* 1852, *c.* 312, §§ 61, 69, " for the discovery of facts and documents material to the support or defence of the suit," is confined to such matters as are material to the case set up in his own pleadings, and does not extend to matters in support of the case of the other party.

ACTION OF TORT for breaking and entering the plaintiff's close. Answer, soil and freehold in the defendant.

After the answer was filed, the defendant filed in the clerk's office the following interrogatory, of which the plaintiff had due notice : " Please set forth in detail the title which you have, or claim to have, to the close described in your declaration. If you purchased it, state of whom you purchased it. If you acquired title in any other way, state particularly and in detail how you acquired title. Annex to your answer copies of all deeds or other instruments under which you claim to derive any title."

This interrogatory not having been answered within the time prescribed by *St.* 1852, *c.* 312, § 63, the counsel for the defendant moved the court of common pleas to order a nonsuit ; but *Perkins,* J. refused to pass such order, because it was an interrogatory which the plaintiff was not bound to answer; and the interrogatory was never answered. The case was afterwards tried, and a verdict found for the plaintiff. The defendant alleged exceptions.

*S. H. Phillips,* for the defendant. The *St.* of 1852, *c.* 312, § 61, instead of adopting the practice of courts of equity and admiralty, which only allows a party to interrogate as to matters stated in his own pleadings, expressly authorizes either party to file " interrogatories for the discovery of facts and documents material to the support or defence of the suit." The provision of § 69, that " the party interrogated shall not be obliged to answer any question or produce any document, the answering or producing of which would tend to criminate himself, or disclose his title to any property the title whereof is not material to the trial of the action in the course of which he is interro-

gated, or to disclose the names of the witnesses by whom, or the manner in which, he proposes to prove his own case," implies that he may be examined as to his own case, except so far as protected by this section. And the last clause in this section only protects him from a disclosure of the general arrangement of his case, and the names of the witnesses, and the order in which he proposes to call them; but does not protect documents material to his case, nor prohibit a full disclosure of the details of his case, so that the party interrogating may be able to judge whether it will be worth his while to try it.

*S. B. Ives, Jr.* for the plaintiff.

BIGELOW, J. This case presents an important question of practice, as to the extent of the right, given to a party by *St.* 1852, *c.* 312, §§ 61, 69, to interrogate his adversary, in an action at law. This depends on the construction of the language of these two sections; the former conferring the right, and the latter imposing the limitation under which it is to be exercised.

By applying the familiar and well established rule of interpretation, which requires that separate words and phrases are to be referred to their particular and distinct antecedents — *reddendo singula singulis* — there is no difficulty in giving to § 61 a clear, intelligible and satisfactory construction. It authorizes the plaintiff and the defendant, within a prescribed period of time, to file interrogatories " for the discovery of facts and documents material to the support or defence of the suit, to be answered on oath by the adverse party;" that is, the plaintiff may interrogate upon any matter material to the support of his case, and the defendant upon those material to his defence. But it does not authorize the plaintiff to inquire concerning facts or documents which may be material in support of the defence nor the defendant to seek a disclosure of those which go to make up the proofs in support of the plaintiff's case. Each party is to be confined to those matters which are material to sustain the case which he sets up by his pleadings; he is to be allowed to obtain, by interrogating his adversary, proofs of his own case, but not those which establish the case set up against him. To illustrate the application of the statute, according to

this construction, let us suppose a case where a plaintiff brings an action of contract for goods sold and delivered; the defendant, in his answer, denies the sale and delivery, or alleges his ignorance thereof, and requires proof of those facts by the plaintiff, and also sets up the defence of release, or accord and satisfaction. In such a case, the plaintiff could not ask the defendant to disclose any facts or documents tending to prove the release, or accord and satisfaction, because they would not be, strictly speaking, in support of the plaintiff's case; but he might interrogate him concerning the sale and delivery of the property, that being the case which the plaintiff is bound to prove. On the other hand, the defendant might require of the plaintiff a disclosure of facts tending to establish the release, or the accord and satisfaction, because they would directly tend to support the defence; but he could not inquire concerning the proof of the sale and delivery of the property to himself. The object of the statute is simply to enable a party to obtain from his adversary a disclosure of proofs in aid of his own case; but not to find out the evidence on which the case against him is to be made out.

If there were any doubt as to the true construction of § 61 of the statute, by which the right to interrogate is given, it is made entirely clear by § 69, which imposes a restriction on the right. It is there provided that the party interrogated shall not be required to "disclose the names of the witnesses by whom, or the manner in which, he proposes to prove his case." This provision is entirely inconsistent with the theory that by § 61 a right was given to a party to seek by interrogatories a disclosure of the case that was to be set up against him; because such a right could not be exercised to any effective purpose under such a restriction as is imposed by § 69. It is difficult to imagine a question, relative to material facts in support of a case against a party, the answer to which would not necessarily involve a disclosure of the mode of its proof. Take the case already supposed; a defendant could not well ask material questions concerning the time, place or circumstances of the sale and delivery of goods, which would not require the plaintiff to disclose, in some degree, the proof on

which he might rely to sustain his case; and so, on the other hand, the plaintiff could not inquire into material facts tending to establish a release, or accord and satisfaction, without compelling the defendant to develop some part of the case which he must prove in order to sustain his defence. It is very clear, therefore, that this restriction is inconsistent with a right to interrogate a party concerning the proofs of his own case; and was intended to restrain the right to require a disclosure, to matters in aid of a case to be established against the party interrogated

In carrying out this construction of the statute, it is to be borne in mind that the right of a party to a disclosure from his adversary extends to all facts and documents which may be material, by the course of the pleadings, or in the progress of a cause, in support of the case of the party interrogating. For instance; if a plaintiff, in answer to or avoidance of a defence, should set up any new or distinct matter, it would be competent for him to seek from the defendant a disclosure in support of such new issue. The same rule would apply in all stages of the cause, if new issues should arise between the parties.

It should also be added, that the right of a party to a disclosure in support of his own case ought not to be abridged or taken away by the consideration that the matter of fact or the document asked for might be evidence in support of the case of the adverse party, in common with that of the party seeking the disclosure. In such a case, the party interrogated would be bound to make the disclosure asked for, unless it infringed on the restriction imposed by the statute, and compelled him to disclose the manner in which he proposed to prove his own case.

The main purpose of these provisions of the practice act was to substitute, in place of the tedious, expensive and complex process of a bill of discovery on the equity side of the court, an easy, cheap and simple mode of interrogating an adverse party, as incident to and part of the proceedings in the cause in which the discovery was sought. It was not intended to make the parties to a cause witnesses, who might, at the pleasure of the party interrogating, be made to testify respecting the whole case; but only to give a limited right to obtain evidence from an adverse party

in analogy to the well settled rules regulating bills of discovery in the court of chancery in England. In regard to these, it has always been held by that court, that the right of a plaintiff in equity to the defendant's oath is limited to a discovery of such material facts as relate to the plaintiff's case, and does not extend to a discovery of the manner in which the defendant's case is to be established, or to evidence which relates exclusively to his case. The discovery sought must be material to enable the plaintiff in a bill to support or defend a suit. Story Eq. Pl. § 317. 2 Story on Eq. § 1490. Wigram on Discovery, 14, 15.

In the case at bar, the defendant, in answer to the plaintiff's declaration, had set up soil and freehold in himself. The interrogatory propounded to the plaintiff did not seek to discover any fact or document in support of the defendant's title, but only called on the plaintiff to disclose his title, and the manner in which it was acquired. It was therefore a question which the defendant had no right to put to the plaintiff, and one which the plaintiff was not bound to answer.      *Exceptions overruled*