**EISAMAN, Plaintiff, v. WEIMER, Defendant.**

Common Pleas Court, Trumbull County.

Nos. 63022, 63023.   Decided March 30, 1954.

Hoppe. Day & Ford, James Frey, Warren, for plaintiff.
Luchette & Hoffman, James Hoffman, Masury, for defendant.

## OPINION
By BIRRELL. J.

Demurrer has been interposed to the following interrogatories attached to the Pleadings in each of the above named related cases.

1. Give the name of the doctor or doctors who have treated Plaintiff's injuries.

2. Give the amount or amounts of said doctor's bills respectively.

3. What is the amount of the Sharon General Hospital bill for Plaintiff's treatment and care for the injuries Plaintiff alleges to have received from this accident.

4. Give the name of the nurse or nurses employed in Plaintiff's treatment.

In order to rule properly on this Demurrer it is necessary to consider the extent to which Interrogatories may go, because of the comparatively sudden rush to use this method of securing information. The guiding principle of course is whether the information requested is "pertinent to the issue made in the pleadings." §2309.43 R. C. (§11348 GC), which statutory phrase appears self-explanatory.

The power to order the production of certain evidence before trial has been discussed in a line of cases beginning as early, at least, as Ex

Parte Jennings, 60 Oh St 319, which case was discussed and amplified at Ex Parte Schoepf, 74 Oh St 1. The ruling of these cases on Depositions is referred to and more recently approved in:

In re Hyde, 149 Oh St 407; In re Keough, 151 Oh St 307; In re Shoup, 154 Oh St 221 and In re Tichy, 161 Oh St 104.

This line of cases distinguishes between "record(s) kept for general purposes and containing information which is relevant, competent and material" to the participation of a party and of its employees or agents in the collision alleged to constitute the cause of action, and the reports which are made of an accident and "come into existence as a result of and concerning the accident" and which are turned over to the legal Counsel. The former are admissible, the latter are privileged.

In addition to determining the question of privileged communications the Court in these cases also clearly determines that a party need not reveal either names of witnesses (In re Shoup. p. 222. In re Keough, p. 311, Ex Parte Schoepf. p. 13) nor the identity of other parties responsible (In re Tichy, pp. 104-5: Stanley v. Martin, 6 O. L. R. 628, affd. 12 C. C. N. S. 457).

The United States Supreme Court (Hickman v. Taylor, 329 U. S. 495. 34 O. O. 395) likewise protects the right of parties to retain for themselves the information which they may secure from witnesses after the occurrence of the accident complained of. This case and the Federal rules of Interrogatories were carefully examined by Judge Woeste in the case of Dieckbrader v. Railroad, 51 O. O. 239. He arrives at the conclusion that searching inquiry into pertinent matters should be permitted. Sloan v. Kresge Co., 45 O. O. 407, and Powers v. Ruelbach, 66 Abs 30, likewise hold that Interrogatories are to be "liberally" construed.

Earlier Ohio cases, such as Schuldt v. Investment Co., 61 Oh Ap 213, 15 O. O. 148, and Ward v. Mutual Trucking Co., 1 O. O. 456, 33 O. N P. N. S. 79, support the principle that information which may be secured by Interrogatories

"is intended only to aid the pleader in supporting his own case, and not to help him destroy his opponent's cause."

Since the information must both be "pertinent to the issues," and, of course, admissible at the trial, and since the cardinal requirement of the Petition (§2309.04 R. C.), of the answer (§2309.13 R. C.), and of the Reply (§2309.24 R. C.) demands the use of "ordinary and concise language," there appears no reason why a Court should not apply similar brevity to the range of Interrogatories. Demurrer to Interrogatories (§2309.43 R. C.) was evidently suggested for that purpose. Therefore an additional requirement should be added. There is no necessity for permitting cross-examination through Interrogatories. Many questions are justified in cross-examination only for the purpose of determining credibility of the witness, or for building a basis to tear down both the witnesses' testimony and the opposing parties claims, or to support further testimony to be offered by the examining party. There is no necessity of encumbering the pleadings with such matter or with the opportunity for the interrogated party to fill the record with self-serving declarations (Schuldt v. Investment Co., supra).

Applying the foregoing to the instant cases produces the following result: In case No. 63023 Question No. 1 is competent because Plaintiff pleads the necessity of employing a physician which is denied by Defendant

and therefore becomes an issue. Questions 2, 3 and 4 respecting amounts paid to doctors, hospital and nurses are not competent because no claim is made for such expenses. Possibly questions as to amounts might be asked to test credibility, and amounts might have a bearing on inferences to be drawn of the extent of the injuries, but direct questions as to length of time of confinement and type of injury would probably be more in point. Question No. 4 concerning names of nurses does not relate to any issue raised in the pleadings. It would be pertinent were Plaintiff claiming expense of nursing care which is not raised in No. 63023.

In case No. 63022, the Demurrer is overruled to both questions 1, 2, 3 and 4 because there is an issue as to expenses. The persons to whom these obligations were incurred, and/or paid, are pertinent in the determination of whether the expense is justified and was caused directly and proximately by negligence of the Defendant.

Journals may be drawn accordingly.