KELLY, PLAINTIFF, *v.* NATIONWIDE MUTUAL INSURANCE CO., DEFENDANT.

Common Pleas Court, Ashtabula County.

No. 49313. Decided February 7, 1963.

Pontius, J. Plaintiff sued to recover damages to a motor vehicle under the terms of a comprehensive insurance policy, claiming that the damages arose because someone put sugar in the fuel tank of Plaintiff's truck "during the latter part of April, 1961." The Defendant denies that such an insurance policy was in effect on April 19, 1961, and otherwise its answer amounts to a general denial. To Defendant's answer was attached a list of forty-two interrogatories directed to Plaintiff. Plaintiff answered the interrogatories but Defendant moved to require more complete answers by Plaintiff.

The issue presented by Defendant's motion brings into question the proper use by a Defendant of interrogatories under Section 2309.43, Revised Code, which reads as follows:

"A party may annex to his pleading, other than a demurrer, interrogatories pertinent to the issue made in the pleadings, which interrogatories, if not demurred to, shall be plainly and fully answered under oath by the party to whom they are propounded, or if such party is a corporation, by the president,

secretary, or other officer thereof, as the party propounding requires."

Although the old Common Law Bill in Equity for discovery has been largely supplanted in Ohio by this code section as well as Section 2317.07, the question still remains as to whether some of the equitable principles are still in force. See *Chapman* v. *Lee*, 45 Ohio St., 356 and 365-6 of the opinion wherein the following is set forth:

"Suits for discovery were, in equity practice, auxiliary proceedings, brought not to obtain any equitable remedy, nor to establish any equitable right, but to aid in maintaining a legal right, and in prosecuting actions pending, or to be brought, in a court of law. If a party could not succeed without the aid of facts within the personal knowledge of his adversary, he might file his bill, setting forth all the facts within his knowledge, and adding interrogatories which the other party was required to answer fully under oath."

"All the aid which a suit for recovery (discovery?) would give is now given by our code in the case at law itself. The party may attach to his pleading interrogatories which, so far as pertinent, the other party is bound to answer, and those answers may be used by either party as evidence. He may also take the deposition of the opposite party, or put him on the stand as a witness at the trial. The doctrine and rules concerning the subject-matter of discovery established by courts of equity, are believed to be still in force and to control the same matters in the new procedure, but the bill of discovery, as a separate action, is practically obsolete in this state."

Has Ohio liberalized the discovery methods to the extent embodied in the Federal Rules of Procedure and similar statutes in some states which seem to require full disclosure of almost everything unless it is privileged?

Defendant's answer sets up no affirmative defense. The Defendant therefore has assumed no burden of proof. The issue at first instance, at least, would seem to be narrowed to the question, may a defendant who has pleaded only a general denial attach to his answer and have answered by the plaintiff interrogatories which only pry into the evidence by which the plaintiff may sustain his own case, as distinguished from inquiring for ultimate facts within plaintiff's own knowledge

which may be pertinent to the issue. In other words, does the Plaintiff have to reveal to the Defendant in advance of trial evidence which Plaintiff hopes to establish in support of his own case?

In some of the older cases in Ohio, trying to interpret this section (Section 2309.43, Revised Code), there seems to have been established the principle that the general purpose of the discovery procedure was to aid a plaintiff in *establishing his case* or a defendant to *establish his defense*. See *Chapman* v. *Lee, supra, Devore* v. *Dinsmore,* 2 O. D. Rep., 600; *Templeton* v. *Morgan,* 2 O. D. Rep., 602; *Graham* v. *Ohio Telephone and Telegraph,* 15 O. D., 200. The proper use of interrogatories did not seem to extend to aiding an adversary to destroy his opponent's case. *Ward* v. *Mutual Trucking Company,* 1 Ohio Opinions, 456. In this case Judge Carpenter pointed out that the Ohio statute, which was passed in 1857, was very similar to the English Procedural Act passed in 1854 and quoted with approval at page 457 from the opinion in *Whatley* v. *Crowder,* 119 Rep., 645, as follows:

"I think the interrogatories must be confined to matters which might be discovered by a bill of discovery in equity. I adopt the rule in the very terms used by Sir James Wigram (Wigram on Discovery, 261 [2d Ed.]): 'The right of a plaintiff in equity to the benefit of the defendant's oath, is limited to a discovery of such material facts as relate to the plaintiff's case—and does not extend to a discovery of the manner in which the defendant's case is to be established, or to evidence which relates exclusively to his case.' *You may inquire into all that is material to your own case, though it should be in common with that of your adversary; but you may not inquire into what is exclusively his case.*" (Emphasis supplied.)

And on page 458 from Pomeroy's Equity Jurisprudence as follows:

"The fundamental rule on this subject is, that the *plaintiff's right to a discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material to his own title or cause of action;* it does not enable him to pry into the defendant's case, or find out the evidence by which that case will be supported. The plaintiff is entitled to a disclosure of the defendant's title, and to know what his de-

fense is, but not to a statement of the evidence upon which the defendant relies to establish it." (Emphasis supplied.)

Judge Carpenter concluded,

"Hence we must conclude the interrogatory feature of our law is intended only to aid a party in supporting his own case, and not to help him to destroy his opponent's cause. This is in harmony with decisions in other states where this problem has been up for solution."

Quoting from *Wilson* v. *Webber*, 68 Mass., 558, Judge Carpenter further noted at page 458:

"But it (referring to right to attach interrogatories) does not authorize the plaintiff to inquire concerning facts or documents which may be material in support of the defense; nor the defendant to seek a disclosure of those which go to make up the proofs in support of the plaintiff's case. Each party is to be confined to those matters which are material to sustain the case which he sets up by his pleadings; he is to be allowed to obtain, by interrogating his adversary, proofs of his own case, but not those which establish the case set up against him."

Further, in sustaining a demurrer to interrogatories, Judge Carpenter noted at page 459:

"Looking again at the character of defendant's questions it is obvious they relate entirely to the plaintiff's case, and their only use to the defendant is to disclose to him what plaintiff's evidence will be in establishing his damages. The information their answers would bring the defendant would not aid him in establishing his defenses, he has none on which he bears any burden. In other words they only 'pry into' the plaintiff's case."

Likewise, it has been held that interrogatories are not proper where the information sought is not within the personal knowledge of the other party and is not pertinent to an issue raised by the pleading of the inquirer. *Russell* v. *Lake Shore and Michigan Southern Railroad*, 6 O. N. P. N. S., 353. It has been held that interrogatories are not proper where the answer calls for mere opinion of the party, *Smith* v. *Corey Rubber*, 32 Ohio Opinions, 308, nor where the information sought is not within the personal knowledge of the party interrogated. *Russell* v. *Lake Shore and Michigan Southern, supra.*

In more recent cases it has been held that this statute and

likewise its counterpart must be liberally construed and that interrogatories are proper if they are designed to seek information *pertinent to the action* as distinguished from being merely *pertinent to an issue* raised by the *pleading of the inquirer.* See *Sloan* v. *S. S. Kresge Company,* 43 Ohio Opinions, 407, 55 Ohio Law Abs., 420; *Powers* v. *Ruelbach,* 49 Ohio Opinions, 54, 66 Ohio Law Abs., 30; *Dieckbrader* v. *New York Central,* 51 Ohio Opinions, 239, 64 Ohio Law Abs., 586; *Feinstein* v. *Cleveland,* 67 Ohio Law Abs., 518, "Interrogatories may seek information relevant to any *issue of the action* and to all sides of the case." (Emphasis supplied.)

Parenthetically, it also may be observed that this same philosophy is to prevail when the information is sought by way of deposition and the inspection and production of documents is sought under Section 2317.32, Revised Code. See *In re Keough,* 151 Ohio St., 307. Many states have liberalized their statutory procedure, pointing toward, if not actually adopting, the very extreme liberal rules of discovery as provided by rules 26 through 43 of the Federal Rules of Procedure. 3 Jones on Evidence, 5th ed., Chap. XV sheds some light on this controversial subject even under the more modern cases and statutes.

In *Hickman* v. *Taylor,* 329 U. S., 495, 34 Ohio Opinions, 394, in a very hotly contested case the Court was dealing with the matter of discovery under the Federal Rules. Even under these very liberal rules, the United States Supreme Court refused the claim of the plaintiff to a discovery of what prospective witnesses had told defense counsel and refused plaintiff copies of statements taken from them.

Certainly the Ohio statute of 1857, regardless of what interpretation may be put upon it, does not go as far nor is it as liberal as the Federal Rules of Practice, at least because two additional factors are present:—one, that the interrogatory must be pertinent to the issue made in the pleadings, and two, if admissible in evidence, the answer may be read by either party. (Section 2309.45, Revised Code.)

This Court is inclined to the more liberal and later construction of the Ohio statutes as disclosed by *Sloan* v. *S. S. Kresge,* rather than the older rule indicated in such cases as *Devore* v. *Dinsmore, supra,* and even *Ward* v. *Mutual Trucking Company;* and this Court holds to the view that interrogatories, whether filed with a pleading under favor of Section 2309.43,

Revised Code, or separately under Section 2317.07, Revised Code, are proper when:

1. Relevant to an *issue in the action* as distinguished from merely being relevant to an *issue in the pleading* of the inquirer,

2. They do not seek privileged information,

3. The information sought would also be admissible as evidence in the action.

The rule is limited, however, by the further rule that interrogatories may not seek discovery of the manner whereby the opponent's case is to be established nor evidence which relates exclusively to his case, nor to what his witnesses will testify.

In this Court's opinion, there is a marked distinction between records kept by a party in the regular course of his business operations and those amassed by him only after an incident has arisen out of which his lawsuit or defense arises. The former may be ordered produced, if pertinent to an issue in the action; the latter may not. See *ex parte Schoepf*, 74 Ohio St., 1; *In re Hyde*, 149 Ohio St., 407; *In re Keough, supra; In re Shoup*, 154 Ohio St., 21; *In re Tichy*, 161 Ohio St., 104.

With these rules in mind further inquiry directed toward the interrogatories of Defendant and answers by Plaintiff must be made.

The issues in the case as presented by the petition and the answer as distinguished from issues in only one pleading or the other would seem to be:

1. Did the Plaintiff hold a comprehensive insurance policy issued by the Defendant, which policy was in force in the latter part of April, 1961?

2. Did the policy cover a 1955 White tractor (owned by Plaintiff)?

3. Was sugar placed in the mechanism of this tractor?

4. Was the tractor damaged thereby and if so, to what extent?

Defendant's interrogatory number 2 calls upon Plaintiff to state whether she was the sole proprietor of a trucking business or whether same was a partnership or corporation at the time of Plaintiff's claim. This interrogatory has a direct bearing on the question of truck ownership and policy coverage. The Plaintiff's answer to the interrogatory is equivocal. The

Plaintiff therefore will be directed to answer the interrogatory fully and completely, stating whether she owned the business as a sole proprietor or as a member of a partnership and if so, the other members thereof, or whether the business was incorporated.

Interrogatory number 6 calls for Plaintiff to state where the truck was at the time the sugar allegedly got into the mechanism of the truck. The answer given is "Don't personally know." Bearing in mind that previous interrogatories and answers thereto reveal the fact that the truck in question was under the care and custody of someone else other than Plaintiff, it would seem as though Plaintiff's answer to this interrogatory is full and complete. The motion with respect to interrogatory and answer number 6 is therefore overruled.

Interrogatories numbers 10, 12, and 15 through 33 all deal with matters arising at the time of or after Plaintiff's alleged claim arose. None deal with information or records maintained in the normal operation of Plaintiff's business. On the contrary, they call for information as to the manner in which the Plaintiff may attempt to establish her cause of action and do not countenance information presumably within Plaintiff's own personal knowledge. They call for information which Plaintiff may or may not be able to produce through testimony of witnesses upon trial. In other words, they call for hearsay or mere opinion evidence if Plaintiff's answer of "Don't personally know" is true. Certainly upon trial if Plaintiff were so inquired of and should so answer the same or similar interrogatories, she could not then be called upon to give her opinion or an answer which was obviously mere hearsay.

The same objection is true with interrogatories 36 and 37 and the answers given thereto; and likewise interrogatories 39 through 42 and Plaintiff's answers thereto. An additional objection to interrogatory number 42 exists, namely, assuming that a record of a test was made, it calls for the furnishing of information solely in support of Plaintiff's cause of action and obviously arises after the claim arose and in connection with Plaintiff's preparation for presentation of her claim and her lawsuit. This last mentioned objection is likewise true with many of the other interrogatories heretofore above covered.

Defendant's motion therefore will be overruled in all re-

92

spects except with reference to the answer given by Plaintiff to interrogatory number 2, and Plaintiff is directed to file a complete answer as above indicated.

Counsel for Plaintiff will prepare and submit an appropriate Journal Entry.