KOLLER *v.* W. E. PLECHATY CO.

[Cite as Koller v. W. E. Plechaty Co., 6 Ohio Misc. 57.]

(No. A735480—Decided December 1, 1965.)

PERSONAL INJURY ACTION: Cleveland Municipal Court.

*Mr. Peter Onysko,* for plaintiff.
*Messrs. Thompson, Hine & Flory,* for defendant.

GILLESPIE, J. This cause came on for hearing upon plaintiff's motion to inspect, and for a copy of his own statement, said statement having been taken by the defendant's insurer's claim representative and subsequently turned over to defendant's counsel after suit commencement. The motion is based upon Sections 2317.33 and 2317.35, Revised Code, regarding in-

spection and copying of books, documents and written instruments.

Plaintiff's cause of action is based upon injuries suffered as a result of defendant's alleged negligence. An analysis of the pleadings shows that the accident sued upon did in fact occur, and that the defendant was involved.

During oral argument upon the instant motion, it was conceded by counsel that the plaintiff was hospitalized as a result of his injuries, and that the day after the accident an agent of the defendant's insurer took the plaintiff's statement in the presence of a shorthand or stenotype reporter, who later reduced the statement to writng.

In resisting plaintiff's motion, defendant says that the statement came into being only as a result of the "incident complained of," "was taken in anticipation of litigation, and was at all times in the custody of defendant's insurer until forwarded to counsel after suit was brought." As a result, defendant further says that the statement constituted a privileged communication, coming within the purview of Section 2317.02, Revised Code, which pertains to privileged communications and acts. Division (A) of Section 2317.02, Revised Code, the pertinent part of which relates to communications made by a client to his attorney in that relation, is relied upon by defendant.

Counsel for defendant further says that should this court determine that the statement sought herein is not privileged, the motion still should be denied on the ground that plaintiff has failed to show justification for its production.

Counsel for both parties have aided the court considerably in arriving at a decison through the submission of comprehensive briefs. The authority submitted, combined with the results of this court's own research, it is earnestly hoped provide adequate foundation for the decision as to this particular fact situation.

At the outset, we must say that a searching inquiry of the case law of Ohio interpreting the statutes concerned fails to reveal a fact situation on point with the one now before this court.

Investigation of the doctrine of privilege establishes that, being in contravention of the general rules of law because of its suppression of the truth, it is generally held that the doctrine should receive a *strict* construction, and this has been the hold-

ing in Ohio. See 56 Ohio Jurisprudence 2d, Witnesses, Section 257, page 679, citing *Collins* v *Collins,* 110 Ohio St. 105.

For privilege to apply regarding a communication, the communication must have been made *strictly* in the attorney-client relationship. 56 Ohio Jurisprudence 2d, Witnesses, Section 259, page 680 et seq., citing inter alia, *Smart* v. *Nova Caesarea Lodge,* 6 C. C. (N. S.) 15, 17 C. D. 273.

Section 264, page 687 of the aforesaid text, in discussing the necessity of confidential character of communications in order to invoke privilege, cites *Parkhurst* v. *City of Cleveland,* 77 N. E. 2d 735, to the effect that the mere transfer of an unpriviledged document from the client to his attorney does not make it privileged.

Counsel for the defendant, in his brief opposing plaintiff's action, cites and relies upon the landmark cases in Ohio regarding privilege as to statements of witnesses and parties, copies of records concerning accidents sued upon, and the like which are turned over to counsel for the defendant as a result of investigation by defendant's agents. In all these cases, the above have been held to be privileged because they came into being only because of the accidents concerned. These cases are *Ex parte Schoepf,* 74 Ohio St. 1; *In re Klemann,* 132 Ohio St. 187; *In re Keough,* 151 Ohio St. 307; *In re Tichy,* 161 Ohio St. 104; *In re Hyde,* 149 Ohio St. 407; *Robinson* v. *Ferguson,* 105 Ohio App. 311; *Eisaman* v. *Weimer,* 70 Ohio Law Abs. 199; and *Kelly* v. *Nationwide Mut. Ins. Co.,* 91 Ohio Law Abs. 84.

This court is aware of these cases and has no quarrel with the position taken by the various adjudicating courts in rendering their decisions, and recognizes that these decisions constitute the law of Ohio as to the *particular fact situations involved.* Further, this court would unhesitatingly apply the law as enunciated in these cases should it be faced with comparable situations in the matters before it.

However, the above authority relied upon by defendant all refers to evidence gathered regarding reports, statements, witnesses' names, etc., these matters constituting something *other than plaintiff's own statement,* which is sought in the motion before this court.

Thus, applying the doctrine of strict construction as to privilege, as previously discussed, this court finds that the

aforesaid case law authority relied upon by defendant is not applicable to the matter at hand.

As a result, we must delve into authority outside the state of Ohio in search of a fact situation, comparable to the one now before this court, and the law as applied to that situation. In so doing, this court looks to the Federal Rules of Civil Procedure, specifically Rule 34 and the annotations accompanying it, for guidance. Court Rule 34 is the federal counter-part of the Ohio statutes relied upon by plaintiff in support of his motion.

Rule 34 stipulates that the moving party shall show "good cause" for production of the document sought and also that it shall be "not privileged." Granting or overruling of the motion is *discretionary* with the court. It is incumbent upon this court at this time to point out that the comparable Ohio statutes make the granting or overruling of the motion also *discretionary* upon the part of the court, by their very wording.

The question as to whether a party's own statement is privileged under Rule 34 is the subject of discussion by way of annotation in 73 A. L. R. 2d 12 *et seq.* The annotation is entitled "Statements of parties or witnesses as subject of pretrial or other disclosure, production, or inspection." It is preceded by the reported case of *Dean* v. *Superior Court*, 84 Ariz. 104, 73 A. L. R. 2d 1.

The *Dean case*, in applying Rule 34, held in part "We agree with the rationale of the *Hickman* and *Alltmont cases*, with respect to the findings of these courts, that statements of prospective witnesses, whether obtained by counsel in preparation for trial or by other persons, should be disclosed upon a showing of good cause as defined herein." 73 A. L. R. 2d 9.

The 73 A. L. R. 2d annotation on page 88, Section 26, in part, says * * * "the basic conclusion is clear that statements of witnesses or parties taken by an attorney for use in pending or prospective litigation are not 'privileged' within the meaning of that word as used in the Federal Discovery Rules." Citing the landmark case of *Hickman* v. *Taylor*, 329 U. S. 495, and others.

At page 95 of the annotation, Section 27, the opinion writer in *Hughes* v. *Pennsylvania R. Co.*, 7 F. R. D. 737, is stated to have referred to *Hickman* v. *Taylor* in holding that a statement made to the railroad claim agent by the defendant's freight conductor prior to the institution of suit must be produced upon

motion, and did not constitute a part of the "work product" of defendant's attorney, "* * * especially in view of the distinction between what an attorney does to prepare his client's cause for trial and what a claim agent does for his employer prior to the institution of the lawsuit."

The court here notes the similarity between the circumstances outlined above and the instant case, wherein plaintiff's statement was given to the agent of defendant's insurer.

On point also is *Szymanski* v. *New York, N. H. & H. R. Co.,* 14 F. R. D. 82, also discussed in Section 27, page 95 of the annotation. In that case, statements were taken from the infant plaintiff and his mother by a representative of defendant's claim department, which was under the jurisdiction of the defendant's legal department. Though taken in preparation for defense of a suit, it was held the statements were subject to disclosure upon a showing of good cause, and were not to be "treated as the 'work product' of the defendant's attorneys."

Also mentioned is *Terminal R. Asso.* v. *Moore,* 145 F. 2d 128, in which it was held "that clearly statements taken from plaintiff by a claim agent or other employee of defendant were not privileged."

Directly on point is *Bough* v. *Lee,* 28 F. Supp. 673 and 29 F. Supp. 498, discussed on pages 96 and 97 of the annotation. The discussion points out that the *Bough case* holds that "statements taken by a defendant's insurer do not enjoy any special protection from discovery under the federal rules," including a statement taken by a defendant's insurer from the plaintiff. In the *Bough case,* plaintiff's statement was given to a representative of defendant's insurance company and later turned over to defendant's counsel. The court, in 29 F. Supp. 498, held that there was no attorney and client relationship between counsel and the insurance company and that the mere turning over of the statement to counsel did not make it privileged. It was noted by the opinion writer that the statement was not made to counsel by his client, "but was obtained from the plaintiff by an investigator of the insurance company, as a routine matter. It was not obtained by the attorney in preparation for, nor in anticipation of this action. Mr. Mellen is not requested to open up his files to the plaintiff, but merely to produce the plaintiff's statement, which was not privileged when made to the insurance company,

and has not become so by its subsequent transmission to the attorney for the defendant."

*Price* v. *Levitt,* 29 F. Supp. 164, holds that "the fact that the insurer turns the statements over to an attorney who acts for both the insurer and the defendant does not render the statements privileged."

Finally, this court would feel remiss if it did not refer specifically to the holding in the oft-cited case of *Hickman* v. *Taylor,* 329 U. S. 495, mentioned above. In the *Hickman case,* decided in January 1947, the plaintiff filed an action as administrator to recover damages for the death of a seaman. Plaintiff submitted interrogatories to the defendants, requesting, among other things, copies of written statements taken from the crew of the tug involved in decedent's death. Defendants declined to set forth the statements as requested on the ground of privilege.

The court held that there was no privilege in applying the Rules of Civil Procedure. Part 6 of the syllabus in referring to page 508 of the opinion states as follows: "Memoranda, statements and mental impressions prepared or obtained from interviews with witnesses by counsel in preparing for litigation after a claim has arisen are not within the attorney-client privilege and are not protected from discovery on that basis."

However, the request for the statements was denied on the ground that the plaintiff failed to establish any necessity, justification or reason for securing the written statements. The court felt that there was no room for the requisite discretion of the trial judge to operate in favor of the interrogating plaintiff, as a result.

Thus, we see from the above that production was denied, not upon the ground of privilege, but upon failure of the plaintiff to show necessity for production of the statements.

Many are the citations in support of the proposition that the plaintiff's statement under the instant fact situation is not privileged from disclosure. This court has referred to some of them, including the *Hickman case* and the *Bough case,* as well as to pertinent portions of the A. L. R. annotation.

As a result of its analysis, this court therefore concludes that the plaintiff's own statement, sought to be produced by the motion filed herein, is not privileged from disclosure.

Defendant says that even if this court should decide that the statement is not privileged, plaintiff still is not entitled to it because of failure to establish justification for its production. In its supplemental brief, defendant correctly states that Federal Rule 34 requires a showing of "good cause" before a document may be ordered produced.

This court has seen fit to refer to Rule 34 and case law construing it regarding whether or not the statement is privileged, due to an apparent absence of Ohio authority on the specific fact situation which has been presented.

However, the Ohio statutes relied upon by moving plaintiff, unlike Rule 34, do not require a showing of justification of "good cause" in order for the court to invoke its discretion as to granting a motion for production. Regardless of the dissimilarity in the Ohio statutes and Rule 34 as to this point, we will still attempt to resolve the argument advanced by defendant as to whether "good cause" is shown for production of the statement herein.

Counsel for both parties, in their briefs as to the point involved, cite authority supporting their respective positions. The fact that so much authority does exist emphasizes the important part the court's discretion plays in deciding whether the movant has shown good cause for production of the document in the possession or control of the opposition.

Reference again is made here to the annotated discussion in 73 A. L. R. 2d 12. On page 74 of the annotation, the case of *Novick* v. *Pennsylvania R. Co.*, 18 F. R. D. 296, is cited. It holds that good cause existed for production of the statement where it "was taken prior to the time when plaintiff was represented by counsel and no copy of it was then or thereafter given to plaintiff."

In many cases the good cause provision of Rule 34 received little or no attention according to the A. L. R. discussion on page 75, Section 17. Cited for example, is *Cannon* v. *Aetna Freight Lines, Inc.* (an Ohio District Court case), 11 F. R. D. 93, in which the court said "requests for this type of statement have been allowed by this court without reference to the good cause requirement" citing *Hayman* v. *Pullman Co.*, 8 F. R. D. 238.

The majority of the cases, however, do require a showing of good cause. Section 17, page 76, citing *Safeway Stores* v. *Reynolds,* 176 F. 2d 476 and other cases.

The majority doctrine is to the effect that a showing of special circumstances is required, in order for a party to obtain a copy of his own statement given to the opposition. Section 18, page 79, citing *Shupe* v. *Pennsylvania R. Co.,* 19 F. R. D. 144.

In *Nedimyer* v. *Pennsylvania R. Co.,* 6 F. R. D. 21, it was held that plaintiff was entitled to his statement upon the facts presented, and stressed that the statement was supplied to the defendant rather than an attorney. The court noted that withholding of the statement could gain nothing for the defendant except the advantage of surprise (discussed in Section 19, page 80 of the cited A. L. R. annotation).

In *Brown* v. *New York, N. H. & H. R. Co.,* 17 F. R. D. 324, the holding was that good cause for production was shown because the statement was taken at the time of the accident, the plaintiff then being "the subject of the physical and emotional involvements that occurred." The court said that the statement was of unique character under the circumstances (discussed in annotation, Section 19, page 81).

Section 20 of the annotation refers to the fact that various cases hold that good cause is shown if, at the time the statement was given, the party was still *suffering* from sickness or *disability* because of his injuries (emphasis added), *New York C. R. Co.* v. *Carr,* 251 F. 2d 433, and others.

The opposite view was taken in *Helverson* v. *J. J. Newberry Co.,* 16 F. R. D. 330, Section 20, page 82 of the annotation. In holding lack of good cause, the court referred to the reasons stated in the *Hickman case* and *Safeway* v. *Reynolds,* discussed, *supra.*

Under the majority doctrine, lack of counsel on the part of the one giving the statement, is not in and of itself considered sufficient as good cause for production. Section 20, page 82 of the annotation, citing among others, the *Safeway case,* the *Bixler case* and the *Shupe case, supra.*

Opposite is *Pennsylvania R. Co.* v. *Kirkpatrick,* 203 F. 2d 149, and others mentioned in Section 20, page 82.

Failure to supply the party with a copy of his statement was deemed sufficient good cause for production in *Szymanski* v.

*New York, N. H. & H. R. Co.*, 14 F. R. D. 82, discussed in the above annotation in Section 20, page 83.

Because of the fact that plaintiff's statement in the instant case was taken in the hospital the day after the accident, this court would like also to refer to the discussion in Section 15, page 70 of the annotation. Here the point is made that "there is considerable judicial support for the view that witnesses' statements of the facts of an accident, when taken shortly after the accident, are documents of unique value in the discovery of truth by the judicial process, and accordingly that their character as such may constitute good cause, or strongly support a showing of cause, for ordering production of the statements," citing *De Bruce* v. *Pennsylvania R. Co.*, 6 F. R. D. 403, and other cases.

In concluding its analysis of the necessity of showing good cause, as to courts other than Federal, this court refers to the pointed discussion in Section 47, page 129 of the annotation, wherein it is said "Where plaintiff, injured in an automobile accident, was still confined in a hospital from her injuries at the time the investigator of defendant's insurer took a statement from her, she had not as yet retained counsel, and no copy of such statement was given her although common courtesy would suggest that this course be taken, it was held in *Watts* v. *Superior Court*, 87 Ariz. 1, 347 P. 2d 565, that plaintiff was entitled to an order for production of such statement."

The annotation on page 130 of the same section, refers to *Dowell* v. *Superior Court of San Francisco*, 47 Cal. 2d 483, 304 P. 2d 1009, which held that it was "an abuse of discretion to deny an order of production and inspection of the statement taken from plaintiff at the hospital shortly after the accident, he having been without counsel, no copy of the statement having been furnished him, and it being made to appear that he did not clearly remember the contents of the statement."

In the matter before this court for ruling, as mentioned previously, plaintiff's statement was taken in the hospital the day after his accident, by the representative of defendant's insurance company. It is conceded by counsel for both parties that the plaintiff received broken bones as a result of the accident. It is further conceded that plaintiff was not represented by counsel at the time of giving his statement.

In addition to the above facts, this court will take judicial notice of the fact that the plaintiff was suffering pain as a result of his broken bones. 21 Ohio Jurisprudence 2d, Evidence, Section 75, page 85.

In view of these facts and the various holdings in the case law discussed above, as applied to the matter now under consideration, this court in its discretion finds that *good cause* does exist for the granting of plaintiff's motion for inspection and a copy of his own statement.

Section 2317.33, Revised Code, in part says that either party may obtain from the adverse party an inspection and copy or permission to take a copy of a document "*containing evidence* relating to the merits of the action or defense." (Emphasis added.)

Section 2317.35, Revised Code, provides for the delivery by a party to the adverse party of "a copy of any instrument of writing whereon the action or defense is founded, or which he intends to *offer in evidence* at the trial." (Emphasis added.)

Intent to use the particular document in evidence is not essential to the right of inspection. 17 Ohio Jurisprudence 2d, Discovery and Inspection, Section 5, page 574, citing *State, ex rel. McGaughey,* v. *Cost,* 10 O. Dec. Repr. 619.

The same Ohio Jurisprudence 2d discussion in Section 8, page 575 says that the right of discovery concerned herein "is limited to matters which are material and pertinent to the issues in the case" and further "that they pertain to his own cause of action." Cited in support, among others, are *Ex parte Schoepf,* 74 Ohio St. 1, and *Furman* v. *Central Park Plaza Corp.,* 65 Ohio Law Abs. 172. In *Sloan* v. *S. S. Kresge Co.,* 59 Ohio Law Abs. 420, also cited, the text quotes from the opinion that the "Supreme Court has now taken the sensible view that *relevancy* is the sole criterion for determining whether or not a document may be obtained" under the Code. (Emphasis added.)

The often cited case of *Mandell* v. *Yellow Cab Co.,* 84 Ohio Law Abs. 524, holds that "any document may be obtained which is *relevant* to the action and which is not privileged." (Emphasis added.)

There is no question in this court's mind regarding the case at bar as to the relevancy of plaintiff's statement. It is not necessary that there be a present intent to use the statement for

evidentiary purposes. *State, ex rel. McGaughey,* v. *Cost,* 10 O. Dec. Repr. 619, *supra.* It is quite conceivable that the statement could be used for the purpose of cross-examination, impeachment or as an admission. In *Blake* v. *Great Northern R. Co.,* 4 F. R. D. 213, the court held in part "the statement which plaintiff seeks to inspect and copy may be relevant and material upon the trial of the cause either on cross-examination or redirect examination." In *Nedimyer* v. *Pennsylvania R. Co.,* 6 F. R. D. 21, *supra,* it was held in part that "Discovery of all matters relevant to a suit should be allowed to the fullest extent possible consistent with the orderly functions of the judicial process."

This court is in accord with this line of thinking, and believes that all matters relevant to a suit should be disclosed whenever possible in the interest of justice and fairness and that any document should be made available when it is relevant, pertinent and not privileged. This court believes that the plaintiff's statement sought herein most certainly falls within the confines of the statutory procedure invoked. We further believe that in making the statement available to the movant, the administration of justice will not be impeded but, rather, will be enhanced.

Thus, in conformity with this opinion, the plaintiff's motion is granted, and the defendant is hereby ordered and directed to give to the plaintiff or his attorney, forthwith, a copy of the plaintiff's statement which was given to the defendant's insurer.

*Motion granted.*